IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUNE M. KREINZENBECK,

      Plaintiff,                        No. CIV S-11-0904 GEB GGH PS

vs.

HEWLETT PACKARD,
                                        FINDINGS AND RECOMMENDATIONS

      Defendant.

_____/

      Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

      On May 2, 2011, the undersigned informed plaintiff of the jurisdictional defects in her complaint and directed her to file an amended complaint which is now before the court. Plaintiff alleges in her amended complaint that there is both diversity jurisdiction and federal question jurisdiction, in conformance with the court's order; however, the substance of the amended complaint fails to properly allege any proper basis of jurisdiction, and it must therefore be dismissed without leave to amend, as further amendment appears to be futile.

      As previously set forth in the prior order, the court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may

adjudicate only those cases authorized by the Constitution and by Congress. See <u>Kokkonen v. Guardian Life Ins. Co</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See <u>Attorneys Trust v. Videotape Computer Products, Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).

  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See <u>Bell v. Hood</u>, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See <u>Hagans v. Lavine</u>, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. <u>Baker v. Carr</u>, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

  The amended complaint alleges that defendant Hewlett Packard committed a security breach which caused a "virus worm" to infect her HP laptop computer and programs. The security breach exposed plaintiff's private information, including her email address, passwords, social security number and residence address. Plaintiff at first sought $4,000 in

1  damages for replacement of her computer system, but now alleges diversity jurisdiction by
2  adding other damages including the cost of her federal student aid in the amount of $24,550, and
3  $17,835.51 in lost computer programs. Plaintiff alleges that these amounts exceed the
4  jurisdictionally required amount of $75,000. A simple calculation indicates that the amount in
5  controversy is now alleged to be $46,385.51. Plaintiff's alleged damages still fall below the
6  minimum required amount for diversity jurisdiction, which is more than $75,000.

7  Additionally, although plaintiff further alleges federal question jurisdiction, she
8  continues to state facts which amount only to a property dispute that should be adjudicated in
9  state court. Her conclusory allegations that theft of this personal information is a violation of
10 federal law, and that Social Security numbers are a type of federal identification, is not sufficient
11 to create federal subject matter jurisdiction.

12 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
13 lack of subject matter jurisdiction.

14 These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
16 fourteen (14) days after being served with these findings and recommendations, plaintiff may file
17 written objections with the court and serve a copy on all parties. Such a document should be
18 captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is
19 advised that failure to file objections within the specified time may waive the right to appeal the
20 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21 DATED: July 12, 2011

                                                                           /s/ Gregory G. Hollows
                                                                        UNITED STATES MAGISTRATE JUDGE

23 GGH:076/Kreinzenbeck0904.jur.wpd