IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE M. KREINZENBECK, ) | |
| ) | 2:11-cv-00904-GEB-GGH |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DENYING MOTION FOR |
| ) | RECONSIDERATION |
| HEWLETT-PACKARD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

        On September 15, 2011, Plaintiff filed a Motion for "Reconsideration/Grant" arguing her Amended Complaint "does arise under Federal Law." (ECF No. 14.)

        This action was dismissed for lack of subject matter jurisdiction and judgment was entered on September 6, 2011. (ECF Nos. 12-13.) Since Plaintiff's motion was "filed within [twenty-eight] days of entry of judgment", it is "treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure [("Rule")] 59(e)[.]" American Ironworks & Erectors, Inc. v. North Am. Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

        "Under Rule 59(e), it is appropriate to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." United Nat'l Ins. Co. v.

Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) (internal quotation marks omitted). Plaintiff has not alleged a federal claim; therefore, dismissing this action for lack of subject matter jurisdiction was not "clear error" or "manifestly unjust". Id. Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  November 1, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge